1
2
3
4
5

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

6
7
8

CAROL D. CARTER,                                    )
                                                    )
            Plaintiff,                              )          Case No. 2:14-cv-1825-MMD-GWF
                                                    )
vs.                                                 )          **ORDER**
                                                    )
SOCIAL SECURITY ADMINISTRATION,                     )          Application to Proceed *in Forma*
                                                    )          *Pauperis* (#1) and Screening of
            Defendants.                             )          Complaint (#1-1)
_____                 )

        This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis
(#1), filed on October 31, 2014.

## BACKGROUND

        The Plaintiff, Carol D. Carter, brings suit for review of her social security case.  She claims
that the denial of benefits to her causes her hardship due to her health problems.  She has doctor
appointments back to back every week, and she ends up in the emergency room every time.  She
has knee and back problems that result in major pain that give her difficulty standing or sitting.  It
is very difficult for her to get or maintain a job.  She asks that the Judge looks at her case again.

## DISCUSSION

**I.      Application to Proceed In Forma Pauperis**

        Plaintiff filed this instant action and attached a financial affidavit to her application and
complaint as required by 28 U.S.C. § 1915(a).  Reviewing Carter's financial affidavit pursuant to
28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result,
Plaintiff's request to proceed in forma pauperis in federal court is granted.

. . .

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.     Instant Complaint

The Plaintiff asks this Court to review her social security application.  A disagreement with the Social Security Administration's final decision may be grounds for this Court to review the case.  Federal courts only have jurisdiction to conduct judicial review of the SSA's final decisions.  *See* 42 U.S.C. § 405(g); *see also Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 137 (9th Cir. 1980).  It is unclear that Plaintiff has exhausted all her administrative remedies with the SSA. The Plaintiff's brief complaint does not detail the evidence that was presented before the agency, who made the decision to deny the Plaintiff's benefits, or if that decision was final.  The Plaintiff does not give the Court the necessary information to determine if it has jurisdiction over this matter.  Therefore, the Court will dismiss this complaint with leave to amend, to provide the Plaintiff another opportunity to give the Court the necessary information.

2

1      If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed

2  that the court cannot refer to a prior pleading in order to make her amended complaint complete.

3  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any

4  prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

5  complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended

6  complaint, the original pleading no longer serves any function in the case.  Therefore, in an

7  amended complaint, as in an original complaint, each claim and the involvement of each defendant

8  must be sufficiently alleged.  Accordingly,

9      **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is

10  **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars

11  ($400.00).

12      **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

13  conclusion without the necessity of prepayment of any additional fees or costs or the giving of

14  security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the

15  issuance of subpoenas at government expense.

16      **IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice

17  with leave to amend.  Plaintiff shall have until **March 13, 2015** to file an amended complaint

18  correcting the noted deficiencies.

19      DATED this 12th day of February, 2015.

20

21

22                 GEORGE FOLEY, JR.
                   United States Magistrate Judge

23

24

25

26

27

28

3