UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROL D. CARTER,<br><br>        Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendants. | Case No. 2:14-cv-1825-MMD-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Amended Complaint (#3), filed on March 9, 2015.

### BACKGROUND

Plaintiff brings an Amended Complaint seeking judicial review of her disability case. She claims she cannot work and does not have any income with which to support herself. Her first Complaint in this matter was dismissed with leave to amend on February 12, 2015 (#2).

**I.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed

as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. Instant Complaint

Plaintiff submits a complaint requesting judicial review of her disability claim. She lists a myriad of physical ailments that she would like the Court to review to make a determination in her disability case. The awarding of disability payments is not a judicial process, but an administrative one. The Plaintiff is required to show that her administrative remedies have been exhausted before seeking judicial review of her claim. The Ninth Circuit has held that a plaintiff must exhaust her administrative remedies before bringing a civil action.

> Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim. To obtain a hearing, the claimant must (1) present a claim to the Secretary and obtain an initial determination (20 C.F.R. § 404.900(a)(1)); (2) seek reconsideration (20 C.F.R. §§ 404.900(a)(2), 404.909, 404.920); and (3) after reconsideration, request a hearing before an administrative law judge (20 C.F.R. §§ 404.900(a)(3), 404.933). The decision made following the hearing does not become the final decision of the Secretary until the claimant requests review by the appeals coucil, and the appeals council either grants or denies review. 20 C.F.R. §§ 404.900(a)(5), 404.955, 404.981."

*Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).

Plaintiff has not demonstrated in her Amended Complaint that a hearing by the Commissioner was had regarding her case, that she sought reconsideration of the Comisioner's denial of her claim, that she requested a hearing before an Administrative Law Judge, or that she appealed the decision to the Appeals Council. Therefore, the Court cannot determine if it has jurisdiction over the Plaintiff's civil action at this time. The Court will dismiss the Plaintiff's

1  Amended Complaint with leave to amend in order to allow the Plaintiff to properly demonstrate
2  that this Court has jurisdiction over her claim.
3      If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed
4  that the court cannot refer to a prior pleading in order to make her amended complaint complete.
5  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any
6  prior pleading.  This is because, as a general rule, an amended complaint supersedes the original
7  complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended
8  complaint, the original pleading no longer serves any function in the case.  Therefore, in an
9  amended complaint, as in an original complaint, each claim and the involvement of each defendant
10 must be sufficiently alleged.  Accordingly,
11     **IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (#3) be **dismissed**
12 without prejudice with leave to amend.  Plaintiff shall have until **July 6, 2015** to file an amended
13 complaint correcting the noted deficiencies.
14     DATED this 4th day of June, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge