UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CAROL D. CARTER,<br><br>                      Plaintiff,<br>      v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>                      Defendant. | Case No. 2:14-cv-01825-MMD-GWF<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE GEORGE FOLEY, JR. |

## I. SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge George Foley, Jr. (ECF No. 35) ("R&R" or "Recommendation") regarding Plaintiff Carol D. Carter's Motion for Remand/Reversal ("Motion to Remand") (ECF No. 25) and Defendant Commissioner Nancy A. Berryhill's Cross-Motion to Affirm ("Cross-Motion") (ECF No. 30). The Court has reviewed Plaintiff's objection to the R&R (ECF No. 36) and Defendant's response (ECF No. 37). The Court has also reviewed the administrative record[1] filed by Defendant (ECF Nos. 22, 24-1).[2]

For the following reasons, the Court finds good cause to accept and adopt the R&R in full.

## II. BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on August 23, 2011. (AR 192-93.) Plaintiff additionally filed an application for social

---

[1]For ease of reference, the Court will cite to the administrative record as AR.

[2]Defendant filed both a physical copy of the administrative record (ECF No. 22) and an electronic copy (ECF No. 24-1).

security income on September 27, 2011. (AR 194-202.) Plaintiff stated that back problems, an enlarged heart, high blood pressure, kidney stones, and a torn ligament in her right knee limited her ability to work. (AR 217.)

The Commissioner denied Plaintiff's application on January 27, 2012, and again on reconsideration on April 18, 2012. (AR 122-26, 128-33.)

An administrative law judge ("ALJ") held a hearing on March 26, 2013 (AR 29), and determined that Plaintiff was not disabled in a decision dated April 24, 2013 (AR 23). The Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff then filed a Complaint with this Court seeking to set aside the ALJ's decision or remand the case for further hearing. (ECF No. 11 at 4.)

Prior to the hearing held on March 26, 2013, Plaintiff underwent two comprehensive internal medicine evaluations. The first examination took place with Dr. Sean To at the request of the Department of Social Services, Disability Evaluation Department on April 5, 2008. (ECF No. 35 at 5.) The second examination took place with Dr. David Mumford at the request of the Bureau of Disability Adjudication on January 11, 2012. (*Id.* at 7.) The two physicians reached inconsistent conclusions, with Dr. To's determinations suggesting that Plaintiff was not physically capable of returning to work as a nurse assistant and Dr. Mumford's determinations suggesting that she was. The ALJ expressly assigned "little weight" to Dr. To's opinion. (AR 21.)

**III.   LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.*

Congress has limited the scope of judicial review of the Commissioner's decisions to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence.

42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citations omitted). The Court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *Id.* at 523 (citation omitted). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *Id*. (citations omitted).

The Ninth Circuit prescribes additional rules regarding the weight accorded to medical opinions. "In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant." *Lesley v. Berryhill*, No. CV-15-2519-PHX-SMM, 2017 WL 2437368, at *8 (D. Ariz. June 6, 2017). Weight is assigned to the opinions of these physicians in descending order, with the opinions of non-treating physicians receiving the least weight. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996). "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830. "It is incumbent on the ALJ to make specific findings so that the Court need not speculate as to the findings." (ECF No. 35 at 13 (citing *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).)

**IV.    DISCUSSION**

The Magistrate Judge recommends that Plaintiff's Motion to Remand be granted and that Defendant's Cross-Motion be denied on the basis that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for assigning little weight to the medical opinion of Dr. To. (*Id.* at 19.) Dr. To's opinion, if accepted, would establish that Plaintiff's residual functional capacity does not enable her

to perform her past work as a nurse assistant. (*Id.*) The burden would then shift to the Commissioner to show that the claimant can perform other substantial gainful work that exists in the national economy. (*Id.* at 14 (citing *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).) Defendant objects to the R&R, contending that the ALJ provided specific and legitimate reasons supported by substantial evidence in the record. (*See* ECF No. 36 at 2.)

The ALJ expressly assigned little weight to Dr. To's opinion because "(1) there were no objective findings in the record to support the Plaintiff's allegations; (2) an MRI of the lumbar spine revealed minimal findings; (3) an x-ray of the cervical spine showed only minimal findings; (4) Plaintiff could perform her activities of daily living with only occasional assistance; [and] (5) Plaintiff received only conservative treatment [for her neck and back]." (ECF No. 35 at 16 (citing AR 21).)

### A. ALJ's First Reason

The Magistrate Judge found that the first reason the ALJ listed for discounting Dr. To's opinion—lack of objective findings in the record to support the claimant's allegations—constituted "a general and overbroad statement that does not, itself, provide a specific or legitimate reason for rejecting the doctor's opinion." (*Id.*) Defendant argues that the ALJ's first reason is sound because "the regulations specifically identify medical evidence as a pertinent factor to consider when evaluating a physician's opinion about a claimant's medical condition." (ECF No. 36 at 3 (citing 20 C.F.R. § 404.1527(c)(3)).)

The ALJ's reason is not legitimate because it does not reflect the evidence in the record. In his decision, the ALJ stated that the record lacked objective findings to support Plaintiff's allegations (AR 21) but noted a page later that an x-ray of Plaintiff's right knee showed a "large curvilinear calcification in the medial collateral ligament" (AR 22 (citing AR 451)). The ALJ failed to explain how this objective finding did not support Plaintiff's allegation of knee pain.

///

///

## B. ALJ's Second, Third, And Fifth Reasons

The Magistrate Judge found that the second, third, and fifth reasons the ALJ offered for discounting Dr. To's opinion—the lack of MRI and x-ray findings related to Plaintiff's lumbar and cervical spine and the conservative treatment Plaintiff received for her neck and back—were not specific, legitimate, and supported by substantial evidence. (*See* ECF No. 35 at 16.) The Magistrate Judge stated that those reasons relate "only to Plaintiff's alleged neck and back symptoms, none of which were mentioned in Dr. To's report, and which he obviously did not consider in making his assessment of Plaintiff's residual functional capacity." (*Id.*) Defendant argues that Dr. To did in fact consider Plaintiff's neck and back in reaching his determination and that the ALJ can rely on medical evidence to discount an examining physician's opinion. (ECF No. 36 at 3-4.)

The Court agrees with the Magistrate Judge that these reasons are not legitimate reasons for discounting Dr. To's opinion because they relate to the health only of Plaintiff's neck and back. Dr. To's determination that Plaintiff could not stand/walk longer than four hours was based on her knee problems, not problems with her neck and back. (*See* AR 298-302.) Neck and back problems (considered either alone or in combination with Plaintiff's knee impairment) could not have formed the basis of Dr. To's opinion because Dr. To found that Plaintiff's neck and back were basically healthy. (*See* AR 300.)

## C. ALJ's Fourth Reason

The Magistrate Judge found that the fourth reason the ALJ offered for assigning Dr. To's opinion little weight—that Plaintiff could perform her activities of daily living with only occasional assistance—was not specific, legitimate, and supported by substantial evidence. (*See* ECF No. 35 at 16-17.) The Magistrate Judge found that Plaintiff's ability to perform activities of daily living did not demonstrate that she was capable of performing medium work—the exertion level associated with her prior job as a nurse assistant. (*Id.*) Defendant argues that the ALJ is permitted to consider activities of daily living when assigning weight to a medical opinion. (ECF No. 36 at 5.) However, the activities of daily living that the ALJ considered—helping to care for five children and two grandchildren—

do not necessitate an inference that Plaintiff can stand or walk for four or more hours at a time. For example, Plaintiff explained at the hearing that she must take frequent ten-minute breaks while cleaning to sit down. (*See* AR 9-10.) Moreover, the ALJ did not specifically identify which of Plaintiff's activities of daily living contradict Dr. To's opinion. (*See* AR 21.) Nor did the ALJ explain how Plaintiff's activities contradict Dr. To's opinion. (*See id.*) Thus, the ALJ's fourth reason for rejecting Dr. To's opinion was not specific, legitimate, and supported by substantial evidence.

### D. Post Hoc Rationalizations

Defendant offers a number of facts in the record that could amount to substantial evidence for the ALJ's decision (ECF No. 36 at 2-3), but the Court cannot consider these post hoc rationalizations. The Court must review the ALJ's decision based on the reasoning and factual findings offered by the ALJ. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge George Foley, Jr. (ECF No. 35) is accepted and adopted in full.

It is further ordered that Plaintiff's Motion for Remand (ECF No. 25) is granted.

It is further ordered that Defendant's Cross-Motion to Affirm (ECF No. 30) is denied.

This case is remanded to the ALJ for further proceedings consistent with this Order.

The Clerk is directed to enter judgment and close this case.

DATED THIS 16th day of November 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE